1  MCGREGOR W. SCOTT
   United States Attorney
2  KATHLEEN A. SERVATIUS
   Assistant United States Attorney
3  2500 Tulare Street, Suite 4401
   Fresno, CA 93721
4  Telephone: (559) 497-4000
   Facsimile: (559) 497-4099
5
   Attorneys for Plaintiff
6  United States of America

7

8               IN THE UNITED STATES DISTRICT COURT

9                 EASTERN DISTRICT OF CALIFORNIA

10

11 | UNITED STATES OF AMERICA, | CASE NO. 1:19-CR-00162 LJO-SKO |
   |---|---|
12 | Plaintiff, | 1:13-CR-00354 LJO SKO<br>**STIPULATION TO CONTINUE STATUS**<br>**CONFERENCE AND ORDER THEREON** |
13 | v. | |
14 | JUVENTINO ALVAREZ, ET. AL. | Date: October 19, 2020<br>Time: 1:00 p.m. |
15 | Defendants. | Honorable Sheila K. Oberto |

16

17      The United States of America, by and through MCGREGOR W. SCOTT, United States

18 Attorney, and KATHLEEN A. SERVATIUS, Assistant United States Attorneys, and the defendants, by

19 and through their respective attorneys of record, hereby stipulate to continue the status conference in this

20 case from October 19, 2020 until January 20, 2021 at 1:00 p.m.

21      On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the

22 Eastern District of California until further notice. This General Order was entered to address public

23 health concerns related to COVID-19. Further, pursuant to General Order 611, this Court's declaration

24 of judicial emergency under 18 U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April

25 16, 2020 continuing this Court's judicial emergency, this Court has allowed district judges to continue

26 all criminal matters to a date after May 1, 2021.[1]

27 ---

28  [1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations." General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

STIPULATION TO CONTINUE STATUS CONFERENCE            1

Although the General Orders and declaration of emergency address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. And moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering and ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 6111, 612, 617, and 618 and the subsequent declaration of judicial emergency require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders and declaration of judicial emergency exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

justice exception, § 3161(h)(7) (Local Code T4).[2]  If continued, this Court should designate a new date for the status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendants, by and through defendants' counsels of record, hereby stipulate as follows:

1. By previous order, this matter was set for status on October 19, 2020.

2. By this stipulation, the parties now move to continue the status conference until January 20, 2021, and to exclude time between October 19, 2020, and January 20, 2021, under Local Code T4.

3. The parties agree and stipulate, and request that the Court find the following:

   a) The discovery associated with this case includes voluminous investigative reports, wire interceptions recordings and electronic messages, precise location information data, and more.  The case involves two wiretaps and approximately 5,000 pages of discovery.  All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

   b) Counsel for defendants desire additional time to review discovery and to confer with their respective clients regarding a potential resolution of this matter.

   c) Counsel for defendants believe that failure to grant the above-requested continuance would deny them the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

   d) The government does not object to the continuance.

   e) In addition to the public health concerns cited by General Order 611 and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because counsel or other relevant individuals have been encouraged to telework and

---

[2] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion. General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

1  ///

2  minimize personal contact to the greatest extent possible.  It will be difficult to avoid personal

3  contact should the hearing proceed.

4      f)    Based on the above-stated findings, the ends of justice served by continuing the

5  case as requested outweigh the interest of the public and the defendant in a trial within the

6  original date prescribed by the Speedy Trial Act.

7      g)    For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

8  et seq., within which trial must commence, the time period of October 19, 2020 to January 20,

9  2021, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code

10  T4] because it results from a continuance granted by the Court at defendant's request on the basis

11  of the Court's finding that the ends of justice served by taking such action outweigh the best

12  interest of the public and the defendant in a speedy trial.

13      4.    Nothing in this stipulation and order shall preclude a finding that other provisions of the

14  Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial

15  must commence.

16      IT IS SO STIPULATED.

17  Dated: September 29, 2020            MCGREGOR W. SCOTT
18                                       United States Attorney

19                                       /s/ *Kathleen A. Servatius*
20                                       KATHLEEN A. SERVATIUS
                                     Assistant United States Attorney

21
22  Dated:  September 29, 2020            /s/ *James Homola*
                                     Attorney for Juventino ALVAREZ

23  Dated: September 29, 2020             /s/ *Michael McDonald*
                                     Attorney for Defendant Julio Rivera

24
25
26
27
28  **ORDER**

IT IS HEREBY ORDERED that the status conference in this case be continued from October 19, 2020, until January 20, 2021 at 1:00 p.m.

IT IS FURTHER ORDERED THAT the ends of justice served by the schedule set forth herein as requested outweigh the interest of the public and the defendants in a trial within the original date prescribed by the Speedy Trial Act for the reasons stated in the parties' stipulation. For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of October 19, 2020 and January 20, 2020, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) because it results from a continuance granted by the Court at the parties' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

IT IS SO ORDERED.

Dated:   **October 2, 2020**                    /s/ *Sheila K. Oberto*
                                                UNITED STATES MAGISTRATE JUDGE