HEATHER E. WILLIAMS, Bar #122664
Federal Defender
PEGGY SASSO, CA Bar #228906
Assistant Federal Defender
Designated Counsel for Service
2300 Tulare Street, Suite 330
Fresno, California 93721-2226
Telephone: (559) 487-5561

Attorneys for Defendant
JUVENTINO ALVAREZ

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JUVENTINO ALVAREZ,<br><br>Defendant. | Case No. 1:19-cr-00162 JLT-SKO<br><br>**[AMENDED] STIPULATED MOTION AND ORDER TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2); ORDER DENYING STIPULATION** |

Defendant, JUVENTINO ALVAREZ, by and through his attorney, Assistant Federal Defender Peggy Sasso, and plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Assistant U.S. Attorney Shelley D. Weger, hereby stipulate as follows:

1. Pursuant to 18 U.S.C. § 3582(c)(2), this Court may reduce the term of imprisonment in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), after taking into account the policy statements set forth in USSG § 1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable;

2. The United States Sentencing Commission recently amended the Sentencing Guidelines to limit the overall criminal history impact of "status points" by assigning zero status points for offenders with six or fewer criminal history points, and one status point for offenders

with seven or more criminal history points ("status-point provision").  *See* Amendment 821, Part A; *compare* USSG § 4A1.1(d) (2022), *with* USSG § 4A1.1(e) (Nov. 1, 2023).  The United States Sentencing Commission made the status-point provision retroactive beginning February 1, 2024.  *See* USSG § 1B1.10(e)(2) (Nov. 1, 2023); 88 Fed. Reg. 60534;

3. Mr. Alvarez received 6 criminal history points based on his past criminal convictions and 2 criminal history points pursuant to former USSG § 4A1.1(d) for a total criminal history score of 8, which placed Mr. Alvarez in criminal history category IV with a recommended guideline range of 235 - 293 months.  The Court was permitted to impose a sentence below 10-year statutory mandatory minimum for the reasons provided in Sections II and V of the Statement of Reasons;

4. On August 28, 2023, this Court sentenced Mr. Alvarez to a term of 109 months on Counts 1 and 4 of the Superseding Indictment, to be served concurrently for a total term of 109 months;

5. The sentencing range applicable to Mr. Alvarez was subsequently lowered by the status-point provision, which reduces his criminal history score to 6, lowering his criminal history category from IV to III, resulting in an amended advisory guideline range of 210 - 262 months;

6. When the defendant's original sentence was below the statutory mandatory minimum sentence and the applicable guideline range, the court may grant a comparable reduction below the amended guideline range in accordance with the exceptions set forth in USSG § 1B1.10(b)(2)(B) and (c);

7. Because Mr. Alvarez is eligible for a reduction in sentence, the parties request the Court enter the order lodged herewith reducing Mr. Alvarez's term of imprisonment to 97 months, effective 10 days from the date of the amended judgment.  If the amount of time served as of the effective date of the Court's Order exceeds 97 months, the sentence is instead reduced to a sentence of time-served effective 10 days from the date of the amended judgment.[1]

---

[1] This 10-day period is requested by the Bureau of Prisons to perform its statutory duties and release planning.

8. <u>United States' statement regarding its stipulation</u>[2]: Defendant was convicted of two counts of Conspiracy to Distribute Controlled Substances in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A).  The United States enters into this stipulation after reviewing the Presentence Investigation Report ("PSR"), ECF No. 77; docket entries dated August 25, 2023; Statement of Reasons ("SOR"); Judgment, ECF No. 102; defendant's Bureau of Prisons ("BOP") disciplinary history; and after consulting with one of the prosecuting Assistant United States Attorneys.

At sentencing, the government recommended a sentence of 122 months in prison after applying a two-level downward variance for the First Step Act and the Ninth Circuit's decision in *United States v. Lopez*, 998 F.3d 431, 432–33 (9th Cir. 2021) and considering the other factors noted on page 2 of the Statement of Reasons.  The probation officer recommended a sentence of 211 months in prison on each count to be served concurrently.  ECF No. 77-2.  This recommendation was based on a guideline rang of 235 to 293 months.  The Court imposed a 109-month sentence on each count, to be served concurrently, after granting a further downward variance based on the "defendant's certain deportation" and physical condition.  SOR at 3.  This was a 54 percent reduction from the low end of the applicable guideline range.

Respectfully submitted,

Dated:  February 29, 2024                                   Dated:  February 29, 2024

PHILLIP A. TALBERT                                          HEATHER E. WILLIAMS
United States Attorney                                      Federal Defender


 */s/ Shelley D. Weger*                                      */s/ Peggy Sasso*
SHELLEY D. WEGER                                            PEGGY SASSO
Assistant U.S. Attorney                                     Assistant Federal Defender

Attorney for Plaintiff                                      Attorney for Defendant
UNITED STATES OF AMERICA                                    JUVENTINO ALVAREZ

---

[2] This statement is provided by the United States and is not part of the parties' stipulation.

**ORDER**

The Court has considered the stipulation of the defendant and the government. The stipulation presumes that the Court imposed the sentence it did through mathematical calculation such that the retroactive reduction in the defendant's criminal history category should correspond to a similar mathematical reduction in the defendant's sentence. The Court disagrees.

In formulating the defendant's sentence, the Court considered all of the relevant factors in determining the defendant's sentence, which resulted in a sentence that was below guidelines at the time and continues to be below the guideline range now imposed by the amendments to the Sentencing Guidelines. The sentence the Court imposed was reasonable and sufficient, but not greater than necessary to comply with the purposes of 18 U.S.C. § 3553(a). The Court considered the factors and struggled to impose a just sentence. It believes it did that. Suggesting, through this stipulation, that the Court did not conduct this analysis is baseless. Because the sentence does not warrant an adjustment, the stipulation is **DENIED**. The sentence imposed remains in place.

IT IS SO ORDERED.

Dated:   **March 4, 2024**

_Jennifer L. Thurston_
UNITED STATES DISTRICT JUDGE